UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-CR-00038-GSL-JEM |
| MICHAEL SWIGER | |

## OPINION AND ORDER

The matter is before the Court on Defendant's Motion to Sever Counts. [DE 144]. Defendant argues, pursuant to Rules 8(a) and 14, that the Court should sever Counts 1 and 2 of the indictment from Counts 3 and 4, and therefore, the Court should conduct two separate trials. [*Id.*] (citing Fed. R. Crim. P. 8(a) and Fed. R. Crim. P. 14). The Government agrees with Defendant, to the extent that severance of the counts is appropriate under Rule 8(a). [DE 148]. The Government argues that Rule 14 does not require severance, but it concedes that a ruling on this argument is moot in light of both parties' concession that severance is appropriate under Rule 8(a). [*Id.*]. For the reasons set forth below, the Court GRANTS Defendant's motion.

Under the Federal Rules of Criminal Procedure, two or more criminal offenses may be charged in the same indictment if the offenses are 1) of the same or similar character, 2) based on the same act or transaction, or 3) a part of a common scheme or plan. Fed. R. Crim P. 8(a). *See United States v. Alexander*, 135 F.3d 470 (7th Cir. 1998). The caselaw of our Circuit teaches that this assessment of the propriety of joinder under Rule 8(a) is based solely on the face of the indictment and not on any evidence ultimately presented at trial. *Id.* at 475; *see, e.g.*, *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995); *United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994).

With these considerations in mind, and the parties' agreement that severance is appropriate pursuant to Rule 8(a), the Court is persuaded to conclude that Counts 1 and 2 were improperly joined to Counts 3 and 4 of the criminal indictment. In the third superseding indictment, the Government charges Defendant with four offenses. [DE 136]. Counts 1 and 2 relate to the distribution and possession of child pornography. [*Id.* at pages 1–2]. Count 3 relates to the unlawful possession of a firearm. [*Id.* at page 3]. Count 4 relates to possession of drugs. [*Id.* at page 4]. On the face of the indictment, the only thing linking Counts 1 and 2 to Counts 3 and 4 is the timing of the transmission of the child pornography and the discovery of the child pornography, drugs, and guns. The Government concedes that this is not enough to show that the offenses are of sufficiently similar character or "stemmed from the same acts or transactions or were part of a common scheme." [DE 148, page 2]. *See Coleman*, 22 F.3d at 135 (finding joinder proper where "the central contested issue for each count was virtually the same[.]"); *see also United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013) (holding that Rule 8(a) does not require joined offenses to be temporally related, but rather "of like class." (quoting *Alexander*, 135 F.3d at 476)). Therefore, pursuant to Rule 8(a), the two sets of counts were improperly joined, and Counts 1 and 2 shall be severed from Counts 3 and 4. Because the Court grants severance under Rule 8(a), Defendant's remaining argument that severance should be granted under Rule 14 is moot. The Court orders that the parties move forward with Counts 1 and 2 on the currently set trial date of December 10, 2024, and the Court will set the trial date for Counts 3 and 4 at the currently scheduled Final Pre-Trial Conference, on November 21, 2024.

For these reasons, Defendant's Motion to Sever Counts [DE 144] is GRANTED.

SO ORDERED.

ENTERED: November 8, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

3