UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:22-CR-00038-GSL-JEM

MICHAEL SWIGER

**<u>OPINION AND ORDER</u>**

On March 11, 2025, Defendant filed a motion to disclose the probation officer's

sentencing recommendation. [DE 224]. For the following reasons, Defendant's motion is

DENIED.

Rule 32 of the Federal Rules of Criminal Procedure requires the probation office to

conduct a presentence investigation and submit a report to the court. Fed. R. Civ. P. 32(c)(1)(A).

The probation officer must also disclose the report to the defendant, defendant's attorney, and

government's attorney. Fed. R. Civ. P. 32(e)(2). However, the court may direct the probation

officer not to disclose the officer's sentencing recommendation to anyone other than the court.

Fed. R. Civ. P. 32(e)(3). Requiring a probation officer to disclose his recommendation only to

the court allows the officer "the opportunity to provide a candid assessment of the defendant to

the court and to protect the effectiveness of the probation officer in the supervisory context."

*United States v. Peterson*, 711 F.3d 770, 776 (7th Cir. 2013); *see* Fed. R. Crim. P. 32 Advisory

Comm. Note (1974) ("Any recommendation as to sentence should not be disclosed as it may

impair the effectiveness of the probation officer if the defendant is under supervision on

probation or parole.").

The Seventh Circuit has maintained that a defendant does not have a legal right to see a

probation officer's sentencing recommendation. *United States v. Stephens*, 986 F.3d 1004, 1008–

09 (7th Cir. 2021) (discussing the court's earlier decisions, including *Peterson*, 711 F.3d 770, which was cited by Defendant in the instant motion); *see United States v. Heilprin*, 910 F.2d 471 (7th Cir. 1990) ("no constitutional or statutory right to be informed of the particular sentencing recommendation made by the probation office to the district court"). Instead, a defendant is entitled to review and refute the underlying factual information supporting the probation officer's recommendation. *Peterson*, 711 F.3d at 777. If this underlying factual information is contained in the presentence report received by both parties prior to sentencing, then the defendant has received the process he is due. *Id.*

This Court's practice requires the probation office not to disclose its sentencing recommendation to anyone other than the Court. Nonetheless, Defendant requests the Court to order probation to disclose its sentencing recommendation to the parties prior to the sentencing hearing. Specifically, Defendant argues that such a disclosure would serve the interests of justice and fairness, promote more informed advocacy, align with this Circuit's precedent, and not undermine the probation officer's role in sentencing. While the federal rules allow courts to release sentencing recommendations on a case-by-case basis, the Court is not convinced to do so here. *Peterson*, 711 F.3d at 779; *see* Fed. R. Crim. P. 32(e)(3).

For these reasons, Defendant's motion [DE 224] is DENIED.

SO ORDERED.

ENTERED: March 20, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court