UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-CR-00038-GSL-JEM |
| MICHAEL SWIGER | |

### **OPINION AND ORDER**

The matter before the Court is Defendant's Motion to Transfer Detention Facilities. [DE 273]. Defendant is currently housed at the Pulaski County Jail pending sentencing, which is scheduled for September 25, 2025. He requests a transfer to the Hammond City Jail because he believes that facility can provide him certain medications and that its proximity to the federal courthouse is better for his litigation. [*Id.*].

The United States Marshal Service ("USMS") is responsible for "provid[ing] for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086; *see* 28 C.F.R. § 0.111(k) (making the Director of USMS responsible for the "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence . . . ."). Federal district courts have interpreted these statutes and regulations as granting broad authority and deference to the USMS regarding their placement decisions for inmates. *See, e.g.*, *United States v. Boyce*, No. 21-CR-30003, 2023 WL 137823 (S.D. Ill. Jan. 9, 2023); *United States v. Aduru*, No. 22-CR-17, 2023 WL 1863338 (W.D. Pa. Feb. 9, 2023); *Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413 (S.D. Ill. 1994), aff'd, 52 F.3d 137 (7th Cir. 1995).

2

Defendant has not provided any authority to the Court that suggests courts may limit or supplant the discretion of the USMS regarding their placement of inmates. Therefore, Defendant's Motion to Transfer Detention Facilities [DE 273] is DENIED.

SO ORDERED.

ENTERED: June 11, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court