UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-CR-00038-GSL-JEM |
| MICHAEL SWIGER | |

**OPINION AND ORDER**

Before the Court are Defendant's five motions filed pro se on June 23, 2025: 1) Motion Seeking Order Requiring Pulaski Co. Jail to Fax Motions and Pleadings [DE 278], 2) Motion Requesting Clarification [DE 279], 3) Motion Requesting All Pleadings and Court Filings [DE 280], 4) Motion for Continuation of Sentencing [DE 281], and 5) Motion for Extension of Time to Respond to Forfeiture [DE 282]. The Court addresses each below.

In his first motion, Defendant asks the Court to order Pulaski County Jail to allow Defendant to fax—as opposed to mail—filings directly to the Court. [DE 278]. The basis of this request is for "efficiency" and "expediency." [*Id.* ¶ 1]. Even though prisoners have a fundamental right of access to the court, this right is not without its limitations. *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). Defendant is not impeded from accessing the Court because he is required to send filings via postal mail. *See Mason v. Martin*, No. 22-CV-3774, 2022 WL 22922979, at *1 (N.D. Ill. Nov. 3, 2022) ("There is no right to an electronic filing system at prison."). If Defendant has any concerns regarding sending filings via postal mail, the Court directs him to his standby counsel.[1] This motion is DENIED.

---

[1] Defendant incorrectly states that the Court "advised" him, at the June 6, 2025, hearing, of taking certain actions. [DE 278, ¶ 6]. Instead, the Court directed Defendant, just as it does in this Order, to his standby counsel for any advice.

In his second motion, Defendant asks the Court for clarification regarding a hearing on June 11, 2025. [DE 279]. There was no hearing held on June 11, 2025, and the Court confirms that Defendant is pro se with standby counsel, as ordered by the Court at a hearing on June 4, 2025, [DE 272].

In his third motion, Defendant asks the Court to provide him with a copy of all pleadings and filings related to the instant docket. [DE 280]. The Court directs Defendant to his standby counsel for this request. This motion is DENIED.

In his fourth motion, Defendant moves to continue his sentencing hearing. [DE 281]. Defendant states that he needs more time to review court filings and discovery materials. [*Id.* ¶ 2]. But as noted by the Government in its Response, [DE 283, pages 2–4], the Court previously warned Defendant that he would be held to the same standards as an attorney if he proceeded pro se. [DE 272]. *See United States v. Alden*, 527 F.3d 653, 658 (7th Cir. 2008) ("[P]ro se litigants are held to the same evidentiary and procedural rules as licensed attorneys."). This is Defendant's second request for continuation of his sentencing hearing.[2] And Defendant has not demonstrated that another continuance is warranted. This motion is DENIED.

In his fifth motion, Defendant moves for an extension to file a response brief to the Government's Forfeiture Motion, [DE 228], of at least sixty additional days. [DE 282]. The Government objects only to the length of time of the requested extension. [DE 283, pages 4–5]. The Court has already extended the deadline for Defendant's response three times. *See* [DE 242]; [DE 251]; and [DE 264]. The Court agrees with the Government that only a limited extension is

---

[2] Defendant incorrectly states that this is his first request for continuation of his sentencing hearing. He previously requested a two month continuance, through his counsel at the time. [DE 257]. The Court granted that first request for a continuance. [DE 258].

warranted. This motion is GRANTED-IN-PART, and the Court ORDERS Defendant to file his Response to the Government's motion, [DE 228], by July 15, 2025.

SO ORDERED.

ENTERED: June 25, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court